IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN
MILWAUKEE DIVISION

| | |
|---|---|
| SARAH SIEGEL, | ) |
| Plaintiff, | ) 2:21-cv-00145 |
| v. | ) |
| OPTIMUM OUTCOMES, INC., | ) |
| Defendant. | ) |

## COMPLAINT

NOW COMES the plaintiff, SARAH SIEGEL, by and through her attorneys, SMITHMARCO, P.C., and for her Complaint against the defendant, OPTIMUM OUTCOMES, INC., the plaintiff states as follows:

### I. PRELIMINARY STATEMENT

1. This is an action for actual and statutory damages for violations of the Fair Debt Collection Practices Act (hereinafter "FDCPA"), 15 U.S.C. §1692, et seq.

### II. JURISDICTION & VENUE

2. Jurisdiction arises under the FDCPA, 15 U.S.C. §1692 et seq., and pursuant to 28 U.S.C. §1331 and 28 U.S.C. §1337.

3. Venue is proper in this district pursuant to 28 U.S.C. §1391(b).

### III. PARTIES

4. SARAH SIEGEL, (hereinafter, "Plaintiff") is an individual who was at all relevant times residing in the City of Mequon, County of Ozaukee, State of Wisconsin.

5. The debt that Plaintiff was allegedly obligated to pay was a debt allegedly originally owed by Plaintiff to Medical College of Wisconsin Community Physicians (hereinafter, "the Debt").

6. The Debt was for a medical bill which was for the personal use of Plaintiff and/or used for household expenditure.

7. Upon information and belief, Defendant purchased, acquired and/or otherwise obtained the Debt for the purpose of collection from Plaintiff.

8. At all relevant times, Plaintiff was a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

9. OPTIMUM OUTCOMES, INC., (hereinafter, "Defendant") is a business entity engaged in the collection of debt within the State of Wisconsin. Defendant's principal place of business is located in the State of Illinois. Defendant is incorporated in the State of Wisconsin.

10. The principal purpose of Defendant's business is the collection of debts allegedly owed to third parties.

11. Upon information and belief, Defendant hired APH, LLC to collect the Debt from Plaintiff.

12. Defendant regularly collects, or attempts to collect, debts allegedly owed to third parties.

13. During the course of its efforts to collect debts allegedly owed to third parties, Defendant sends to alleged debtors bills, statements, and/or other correspondence via the mail and/or electronic mail and initiates contact with alleged debtors via various means of telecommunication, such as the telephone and facsimile.

14. Defendant uses credit reporting as a means of collection of debts, knowing that a consumer seeing an unpaid collection on their credit would feel the pressure to pay the debt so that the collection does not affect future attempts to use their credit.

15. At all relevant times, Defendant acted as a debt collector as that term is defined by 15 U.S.C. §1692a(6).

16. At all relevant times, Defendant acted through its duly authorized agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

### IV. ALLEGATIONS

17. Defendant has reported the Debt to one or more "consumer reporting agency" as that term is defined by §1681a(f) of the Fair Credit Reporting Act, (hereinafter, FCRA). 15 U.S.C. §1681 *et seq.*

18. Plaintiff had paid all debts owed to Defendant and its original creditor.

19. As of August 26, 2019, all accounts owed by Plaintiff to Defendant and/or Medical College of Wisconsin Community Physicians were paid in full to APH, LLC who was collecting the debts at the time.

20. Upon information and belief, APH, LLC notified Defendant that all debts were paid in full.

21. Despite the fact that Plaintiff did not owe the Debt any longer, on or about December 23, 2020 Defendant communicated to one or more credit reporting agencies as that term is defined by 15 U.S.C. §1681a(f) that a portion of the debt remains outstanding, is seriously past due, and has been assigned to an attorney.

22. The information reported about Plaintiff is false, inaccurate and misleading.

23. Defendant's failure to comply with §1692e(8) therefore was deceptive and misleading since, among other things, it deprived future users of Plaintiff's consumer reports of essential information relevant to their assessment of Plaintiff's credit worthiness and of Plaintiff's eligibility for other benefits for which the report may be employed and adversely impacted Plaintiff's credit score under certain credit scoring systems.

24. In its attempts to collect the debt allegedly owed by Plaintiff, Defendant violated the FDCPA, 15 U.S.C. §1692, in one or more of the following ways:

   a. Engaged in conduct the natural consequence of which is to harass, oppress or abuse any person in connection with the collection of a debt in violation of 15 U.S.C. §1692d;

   b. Used false, deceptive, misleading and unfair or unconscionable means to collect or attempt to collect an alleged debt in violation of 15 U.S.C. §1692e;

   c. Communicated or threatened to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed in violation of 15 U.S.C. §1692e(8);

   d. Used unfair and/or unconscionable means to collect or attempt to collect a debt in violation of 15 U.S.C. §1692f;

   e. Was otherwise deceptive and failed to comply with the provisions of the FDCPA.

25. As a result of Defendant's violations as aforesaid, Plaintiff has suffered, and continues to suffer, personal humiliation, embarrassment, mental anguish and emotional distress.

## V. JURY DEMAND

26. Plaintiff hereby demands a trial by jury on all issues so triable.

## VI. PRAYER FOR RELIEF

WHEREFORE, Plaintiff, SARAH SIEGEL, by and through her attorneys, respectfully prays for Judgment to be entered in favor of Plaintiff and against Defendant as follows:

a. All actual compensatory damages suffered;

b. Statutory damages of $1,000.00;

c. Plaintiff's attorneys' fees and costs;

d. Any other relief deemed appropriate by this Honorable Court.

Respectfully submitted,
**SARAH SIEGEL**

By: <u>s/ David M. Marco</u>
Attorney for Plaintiff

<u>Dated: February 5, 2021</u>

David M. Marco
IL Bar No. 6273315/FL Bar No. 125266
SMITHMARCO, P.C.
55 W. Monroe Street, Suite 1200
Chicago, IL 60603
Telephone: (312) 546-6539
Facsimile: (888) 418-1277
E-Mail: dmarco@smithmarco.com